### AGRICULTURAL INS. CO. v. COLLINS.
### (No. 1460.)

(Court of Civil Appeals of Texas. Texarkana. April 22, 1915.)

INSURANCE ⬤⟹163—FIRE POLICY—CONSTRUCTION.

A fire policy on a stock of bank furniture and fixtures, which contained a provision that, unless liability was specifically assumed, the insurer should not be liable for the loss of dies, implements, signs, store or office furniture, covers neither electrotype plates, used to reproduce pictures of the furniture or fixtures, nor a traveling salesman's trunk.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 339-346; Dec. Dig. ⬤⟹163.]

---

Error from Grayson County Court; J. O. Adamson, Judge.

Action by W. D. Collins against the Agricultural Insurance Company. There was a judgment for plaintiff, and defendant brings error. Reversed and rendered.

Thompson, Knight, Baker & Harris, and Will C. Thompson, all of Dallas, for plaintiff in error. J. S. Kone, of Denison, for defendant in error.

HODGES, J. The defendant in error sued the plaintiff in error and recovered a judgment for the sum of $357.30 upon an insurance policy. The plaintiff in error contends that both the pleadings and the evidence were insufficient to support a judgment against it for any sum.

It appears from the original petition, upon which the case was tried, that the articles damaged by fire, and for which a recovery was sought, consisted of a salesman's sample trunk, one window curtain, and a large number of electrotype plates, used in reproducing pictures from photographs of various articles of bank furniture and fixtures. The plaintiff in error, as we gather from his pleadings and the evidence, was engaged in the business of selling bank furniture and fixtures, and had on hand, at the time the policy of insurance was written, a stock amounting to several thousand dollars. The policy upon which this suit was brought is attached as an exhibit to the petition, and insures for a sum not exceeding $1,200 "the stock of bank furniture and fixtures, new and second-hand, vaults, doors, and iron burglar proof steel safes of every description (except steel safes), his own, or held by him in trust or a commission, or sold but not delivered, and for which the assured may be liable," all while contained in the two-storied brick metal roof building occupied for mercantile purposes and lodge rooms situated and known as Nos. 511 and 513, West Main street, Denison, Tex.. The policy contained this further provision:

"This company shall not be liable for loss to accounts—nor unless liability is specifically assumed hereon for loss of—dies, implements, pictures, signs, store or office furniture or fixtures, etc."

The principal question presented on this appeal is: Do the terms of the policy include the articles for which a recovery was sought and obtained? We have reached the conclusion that they do not. The articles destroyed were not bank furniture nor bank fixtures, but were mainly metal plates used in printing advertising matter exhibited in the course of trade by the defendant in error. They formed no part of his stock of merchandise to be sold. Those metal plates were no more a part of the stock in trade than were the pictures or photographs which were exhibited, or which may have been in the office and held for exhibition. Neither was the trunk used by the salesman in his travels within the terms of the policy.

The judgment will therefore be reversed, and judgment here rendered for the plaintiff in error.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes